**EXHIBIT B**
**(Notice)**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**If you were employed by JVK Operations Limited as an hourly, non-exempt employee on the production and distribution lines of the JVK facility located in Amityville, New York (excluding drivers, supervisors and management personnel) worker at any time between February 9, 2006 and March 31, 2012, you could get payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Several former employees have sued JVK Operations Limited, Vinod Samuel and Michael Connell ("Defendants") claiming that they violated the New York Labor Law and the federal Fair Labor Standards Act. The employees sought recovery of unpaid spread of hours and unpaid overtime wages.

- The employees who filed the suit and Defendants have settled. Defendants have agreed to deposit $600,000 into a fund that will be used to pay current and former employees who qualify. Defendants deny any wrongdoing, but have decided to settle the case in order to avoid the costs and risks of litigation.

- Based on the formula created in the settlement, you are entitled to receive no less than 93% of the overtime wages and spread-of-hour payments owed to you. This amount is based on the number of overtime hours you worked for Defendants, if any, and the number of shifts where you worked more than ten (10) hours in a workday.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive payment upon verification of your identify. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |

**QUESTIONS?
CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,
GLENNON & LEVINE LLP AT (631) 249-6565**

| | |
|---|---|
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records show that you work or worked as an hourly, non-exempt employee on the production and distribution lines for JVK Operations Limited between February 9, 2006 and March 31, 2012.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are allowed, an administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who is eligible for them.

The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as *Salguero, et al. v. JVK Operations Limited, et al.*, Case No. 12-CV-0635 (JFB)(AKT). The people who filed the lawsuit are called Plaintiffs. JVK Operations Limited, Vinod Samuel, and Michael Connell are Defendants.

### 2. What is this lawsuit about?

Plaintiffs alleged that Defendants failed to pay them an overtime premium for the hours they worked over forty in a workweek and failed to pay spread-of-hours pay for days when they worked more than ten (10) hours per day.

Defendants deny that they did anything wrong.

**QUESTIONS?**
**CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON, GLENNON & LEVINE LLP AT (631) 249-6565**

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, JUAN JOSE SALGUERO, OLVIN RAMON RODRIGUEZ, ALICIA RIVERIA GARCIA, THANIA VELASCO, CARLOS ROBERTO GARCIA, and YOVANY SIFORTES PINTO) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Magistrate Judge A. Kathleen Tomlinson for the Eastern District of New York is overseeing this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way they avoid the cost, time, and risk of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

To see if you will get money from this settlement, you first have to decide if you are a Class Member. Magistrate Judge Tomlinson decided that the Class consists of any current or former employee who worked for Defendants as an hourly, non-exempt employee on the production and distribution lines worker at any time between February 9, 2006 and March 31, 2012. Defendants' records indicate that you are part of the Class and, if you can be identified you should receive no less than ninety-three percent of the wages owed to you.

### 6. I'm still not sure if I am included

If you are still not sure whether you are included, you can ask for free help. You can call Class Counsel, James W. Versocki at (631) 249-6565 for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 7. What does the settlement provide?

Defendants have agreed to create a fund of up to $600,000 fund to be divided among Class Members (after deductions for attorneys' fees and service payments to Named Plaintiffs) based on the number of overtime hours you worked and the number of days when you worked more than ten (10) hours in a day.

**QUESTIONS?
CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,
GLENNON & LEVINE LLP AT (631) 249-6565**

### 8. How much will my payment be?

Based on the formula that has been preliminarily approved by the Court, your payment will vary depending on how many hours and days you worked and how many class members can be properly identified.

## HOW YOU GET A PAYMENT

### 9. How can I get my payment?

You do not need to do anything to receive the payment identified in paragraph 8. You will have to provide information to the Claims Administrator to verify your identify to receive payment.

If the Court approves the settlement, you will receive a check in the mail unless you have excluded yourself. By signing the check, you will release Defendants from all claims for unpaid wages, overtime, and spread of hours payments owed under the New York Labor Law and the Fair Labor Standards Act from February 9, 2006 through March 31, 2012, whether expressly asserted in the Litigation or not.

### 10. When will I get my payment?

The Court will hold a hearing on _____ , 2013, at ____ to decide whether to approve the settlement. If Magistrate Judge Tomlinson approves the settlement, then there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient. However, the parties plan on making an initial payment in April, 2014 and a final payment in May 2015.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants for unpaid wages, overtime, or spread-of-hours payments. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself - or is sometimes referred to as opting out of the settlement Class.

### 12. How do I get out of the settlement?

**QUESTIONS?**
**CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,**
**GLENNON & LEVINE LLP AT (631) 249-6565**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Salguero, et al. v. JVK Operations Limited, et al.*, Case No. 12-CV-0635 (JFB)(AKT). Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than _____, 2013 and it must be mailed to:

Claims Administrator
Settlement Services, Inc.
P.O. Box 431
Tallahassee, FL 32302-0431

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____, 2013.

### 14. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The law firm of Archer, Byington, Glennon & Levine LLP represents you and other Class Members. These lawyers are called Class Counsel. Other than as described in paragraph 16, you will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $157,258.00 (26% of the settlement fund established by Defendants) to them for attorneys' fees plus expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, Class Counsel will ask the Court to approve payments to the Class Representatives for their service to the Class in the amounts of $5,000 each to of the Class Representatives, plus a payment of $10,000 to Plaintiff Juan Salguero to settle his retaliation claims against the Defendants. The Court may award less than these requested amounts. Defendants have agreed not to oppose these fees, service payments, or the settlement payment.

**QUESTIONS?**
**CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,**
**GLENNON & LEVINE LLP AT (631) 249-6565**

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 17. How do I tell the Court that I don't like the settlement? |
|---|

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Salguero, et al. v. JVK Operations Limited, Case No.: 12-CV-0635 (JFB)(AKT)*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the settlement claims administrator at the address below, postmarked no later than _____, 2013.

Claims Administrator
Settlement Services, Inc.
P.O. Box 431
Tallahassee, FL 32302-0431

| 18. What's the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling that Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Class Counsel will be there to represent the Class.

| 19. When and where will the Court decide whether to approve the settlement? |
|---|

The Court will hold a Fairness Hearing on \_\_\_\_\_, 2013, at \_\_\_\_\_ at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, in Courtroom 910.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Tomlinson will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**QUESTIONS?
CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,
GLENNON & LEVINE LLP AT (631) 249-6565**

### 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Magistrate Judge Tomlinson may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Salguero, et al. v. JVK Operations Limited, Case No.: 12-CV-0635 (JFB)(AKT)*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2013 and be sent to Settlement Services, Inc. at the address in paragraph 17. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

### 22. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to James W. Versocki, Esq., Archer, Byington, Glennon & Levine LLP, One Huntington Quadrangle, Suite 4C10, P.O. Box 9064, Melville, New York 11747.

### 23. How do I get more information?

You can call (631) 249-6565; write to James W. Versocki, Esq., Archer, Byington, Glennon & Levine LLP, One Huntington Quadrangle, Suite 4C10, P.O. Box 9064, Melville, New York 11747.

DATED: _____, 2013

736229

**QUESTIONS?**
**CONTACT JAMES W. VERSOCKI, ESQ. AT ARCHER, BYINGTON,**
**GLENNON & LEVINE LLP AT (631) 249-6565**