# EXHIBIT 3
# (Proposed Order)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN JOSE SALGUERO, OLVIN RAMON
RODRIGUEZ, ALICIA RIVERIA GARCIA, THANIA
VELASCO, CARLOS ROBERTO GARCIA, and
YOVANY SIFORTES PINTO, on behalf of themselves
and all others similarly situated,                          Civil Action No.: 12-CV-0635
                                                                             (JFB)(AKT)
                            Plaintiffs,

    -against-

JVK OPERATIONS LIMITED, VINOD SAMUEL,
and MICHAEL CONNELL,

                            Defendants.
-----------------------------------------------------------------x

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE § 216(b) COLLECTIVE CLASS AND RULE 23 SETTLEMENT CLASS, APPOINTMENT OF ARCHER, BYINGTON, GLENNON & LEVINE LLP AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT, COLLECTIVE AND CLASS ACTION PROCEDURE

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the § 216(b) Collective Class and Rule 23 Settlement Class, Appointment of Archer, Byington, Glennon & Levine LLP as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval") (Docket No. _____).

I.  **Preliminary Approval of Settlement**

    1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of James W. Versocki, Esq. ("Versocki Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants

preliminary approval of the settlement memorialized in the Revised Joint Settlement and Release Agreement ("Settlement Agreement"), attached to the Versocki Declaration as Exhibit "B."

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval for the Rule 23 Class, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

3. The Court concludes that the proposed Settlement Agreement satisfies the burden under § 216(b) of the FLSA for collective class certification and thereby warranting the issuance of collective, opt-in class notice to potential opt-in plaintiffs who are similarly situated to the named plaintiffs. *See Ahmed v. T.J. Maxx Corp.*, No. CV 10-3609, 2013 U.S. Dist. LEXIS 81942, 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

4. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> all persons who have worked for defendants JVK Operations Limited, Vinod Samuel and Michael Connell ("JVK") as hourly, non-exempt employees on the production and distribution lines of the JVK facility located in Amityville, New York (excluding drivers, supervisors, and management personnel) anytime between February 9, 2006 and March 31, 2012.

6. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 950 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants failed to pay Plaintiffs an overtime premium or a spread of hours payment required by New York Labor Law. *See Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at **39-40 (S.D.N.Y. Sept. 29, 2006); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008).

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Damassia*, 250 F.R.D. at 158; *Lenahan v. Sears, Roebuck & Co.*, No. 02-CV-0045, 2006 U.S. Dist. LEXIS 60307, at **25-26 (D.N.J. July 10, 2006).

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at **18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia*, 250 F.R.D. at 158.

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See*

3

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (the issue of whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"); *Lenahan*, 2006 U.S. Dist. LEXIS 60307, at *23 ("a similar legal question: whether the alleged failure to pay [plaintiffs] for all hours worked ... violated the applicable state wage and hour laws predominate[s] over any factual variations...such as the length of [plaintiffs'] commute or hourly wage. These individual issues affect only [plaintiffs'] potential damages, but not the nature or legal basis of class claims"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia,* 250 F.R.D. at 161, 164.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Archer, Byington, Glennon & Levine LLP as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia, 250* F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, ... counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, ... counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class")(internal quotation marks omitted).

13. ABGL did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. ABGL's lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. *See, e.g., Damassia,* 250 F.R.D. at 165 (appointing as class

4

counsel on the basis of its "experience[] in handing wage and hour class actions and .. knowledge of the applicable law").

15. The work that has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## IV. Collective Action Certification

16. The Court approves the certification of the collective class under 29 U.S.C. § 216 as the settlement and proposed notice will provide for the recoupment of unpaid overtime compensation for the plaintiffs and other similarly situated employees employed by the Defendants.

17. The pleadings, the declaration of James W. Versocki, and the settlement agreement clearly delineate the employees who are similarly situated to the class plaintiffs, set forth those employees who are eligible to opt into the collective class, and warrant the certification of the class as a collective action for the recoupment of unpaid overtime compensation owed to employees of the Defendants who opt-in to the class. *See Myers,* 624 F.3d at 555; *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012)(*citing Myers*).

## V. Rule 23 Class Action Notice

18. The Court approves the Proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Rule 23 Notice"), which is attached as Exhibit "2" to Plaintiffs' Motion for Preliminary Approval, and directs its distribution to the Class.

19. The content of the Rule 23 Notice fully complies with due process and Fed. R. Civ. P. 23.

20. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

5

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

21. The Rule 23 Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

22. The Rule 23 Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

## VI.    §216(b) Collective Action Notice

23. The Court approves the Proposed Notice of Pendency and Opt-In form proposed to be sent to eligible collective class members, ("Notice of Pendency"), which is attached as Exhibit "1" to Plaintiffs' Motion for Preliminary Approval, and directs its distribution to the Collective Class.

24. The content of the Notice of Pendency provides each potential collective class member with adequate notice of the nature of the FLSA overtime claims that are being pursued in this action, the process by which they are eligible to participate in the collective class, and their obligation to opt-in to the collective action if they wish to participate in the distribution of funds for their potential FLSA overtime claims. The Notice of Pendency also describes the

potential collective class members about the allocation of attorneys' fees and their right to contact Class counsel with any questions as no cost to them.

25. Courts within this district have authorized the distribution of forms similar to the proposed Notice of Pendency in FLSA collective class matters. *See Gay v. Tri-Wire Engineering Solutions, Inc.*, No. 12 Civ. 2231, 2014 WL 28640, at *1 (E.D.N.Y. Jan. 2, 2014); *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04 22, 2008 WL 941643, at *2 (E.D.N.Y. Mar. 31, 2008).

### VII. Collective Action Settlement Procedure

26. The Court hereby sets forth the following § 216(b) settlement procedure:

   a. On or before thirty (30) days after the entry of this Order, the plaintiffs or their designated representative shall cause a copy of the Notice of Pendency and Consent to Joinder Form to be mailed to all potential FLSA collective class members.

   b. Such employees shall have thirty (30) days from the date of mailing to opt-in to the collective class. A second attempt to locate potential FLSA Collective Class Member not located in the first notice shall be made.

   c. Plaintiffs shall file all completed opt-in notices with the Court with the submission of Plaintiffs' Motion for Final Approval of the Settlement.

   d. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment;

   e. If a party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved;

   f. Plaintiffs or their designee (the Settlement Administrator) will disburse the first settlement checks to the Collective Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, within fifteen (15) days of the Effective Date; and

### VIII. Class Action Settlement Procedure

27. The Court hereby sets the following Rule 23 Class settlement procedure:

a. The Settlement Administrator shall mail the Notice to Class Members within thirty (30) days after the Court grants preliminary approval of the settlement;

b. Class Members will have thirty (30) days from the date the Notice is mailed to opt out of the settlement or object to it ("Notice Period"). A second attempt to locate Class Members not located by the first notice shall be made;

c. Plaintiffs will file a Motion for Final Approval of Settlement within fifteen (15) days before the fairness hearing;

d. The Court will hold a final fairness hearing on _____. 2014 at_____, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York, Courtroom 910;

e. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the Final Order and Judgment shall become effective at the expiration of all appeal dates or when all appeals are finally resolved;

f. The Settlement Administrator will disburse the first settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and the Service Awards to Named Plaintiffs within fifteen (15) days of the Effective Date; and

g. The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this ____ day of _____, 2014.

_____
Honorable A. Kathleen Tomlinson
United States Magistrate Judge

736230