UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUAN JOSE SALGUERO, OLVIN RAMON
RODRIGUEZ, ALICIA RIVERIA GARCIA, THANIA
VELASCO, CARLOS ROBERTO GARCIA, and
YOVANY SIFORTES PINTO, on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

-against-

JVK OPERATIONS LIMITED, VINOD SAMUEL,
and MICHAEL CONNELL,

                              Defendants.
-------------------------------------------------------------------x

Civil Action No.: 12-CV-0635
(JFB)(AKT)

## DECLARATION OF JAMES W. VERSOCKI IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT

I, James W. Versocki, declare as follows:

1. I am of counsel to the firm Archer, Byington, Glennon & Levine LLP ("ABGL") in Melville, New York, plaintiffs' counsel herein. ABGL is an eight attorney firm based in Melville, New York that specializes in labor and employment matters, including the representation of plaintiffs in individual and class action litigations involving wage and hour, discrimination, and harassment claims.

2. I have been the lawyer primarily responsible for the prosecution of Plaintiffs' claims on behalf of the proposed class against Defendants.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## My Background and Experience

4. I received a Juris Doctor degree with honors from Emory University, Atlanta, Georgia in 1998.

5. I was admitted to the bar of the State of New York in March 1999. I am also admitted to the bars of the Southern, Eastern, Western and Northern Districts of New York, and the Second Circuit Court of Appeals. I am a member in good standing of each of these bars.

6. From September 1998 until January 2007, I was an Assistant Attorney General in the Labor Bureau of the Office of the Attorney General for the State of New York ("OAG"). In that position, I acted as counsel to the New York State Department of Labor and my responsibilities included handling numerous Article 78 appeals before the Appellate Divisions throughout the State of New York as well as handling cases before United States District Courts and the Second Circuit Court of Appeals. I was responsible for the development of wage-and-hour training programs for the staff of the Labor Standards and Public Work divisions of the New York State Department of Labor – the divisions with primary investigative jurisdiction of New York State wage-and-hour laws. I was also lead attorney on numerous affirmative civil and criminal wage-and-hour investigations commenced by the OAG. These cases, some of which involved hundreds of workers, resulted in the collection of tens of millions of dollars for workers throughout the State of New York. One representative case was *People v. Royal Flush Bathroom Attendant Services, Ltd. et al.* (N.Y. Cty. Supreme Court, Index No. 403273/2004), where I was lead counsel in a case where the OAG obtained a judgment in excess of three million dollars for hundreds of workers misclassified as independent contractors in the restaurant industry.[1] Other complex wage and hour cases that included the investigation, settlement, and administration of large claims on which I was the

---

[1] http://www.ag.ny.gov/press-release/investigation-reveals-deplorable-plight-restaurant-bathroom-attendants

lead attorney include the following cases: *People v. Andres Alvarez and Corinthian Construction Co., Inc.*, Queens County Supreme Court, Criminal Part, Superior Court Information Nos.: 1471/2005 & 1472/2005 ($3.64 million wage settlement)[2]; *In the Matter of D&S Plumbing & Heating Corporation/Zaffuto Construction Company, Inc., Joint Venture et. al.* ($1.84 million wage settlement)[3]; and, *People v. Republic Construction & Management, Inc. et al.*, Bronx County Supreme Court, Criminal Part, Superior Court Information No.: 4261/2002 ($692,655 wage settlement)[4].

7. From January 2007 through November 2008, I worked in a boutique white-collar criminal defense firm where I was responsible for complex trial matters as well as the investigation and prosecution of complex cases, including a large investigation that resulted in the filing of a RICO complaint alleging a fraud to clients in excess of $100 million (*ATMA v. Moore, et al.*, 08-Civ-3340 (S.D.N.Y.)).

8. In November 2008, I joined ABGL where I have continued to represent plaintiffs in employment litigation and other employee rights matters. A large part of my practice is representing plaintiffs in class and multi-plaintiff employment cases, including wage and hour class and collective actions. Representative cases include: *Soto, et al. v. Lo Sardo General Contractors, Inc., et al.*, Case No.12-CV-1729 (E.D.N.Y.), *Alonzo, et al. v. Dom's Lawnmaker Inc. a/d/b/a Dom's Tree Service, et al.*, Case No. 11-CV-2605 (E.D.N.Y.), and *Ng v. Veje, Inc. d/b/a Q Thai Bistro, et al.*, Case No. 10-CV-0919 (E.D.N.Y.).

---

[2] http://www.ag.ny.gov/press-release/prevailing-wage-cases-produce-42-million-restitution-workers

[3] http://www.ag.ny.gov/press-release/prevailing-wage-cases-produce-42-million-restitution-workers

[4] http://www.ag.ny.gov/press-release/construction-contractor-indicted-stealing-more-200000-new-york-city-housing-authority

9. I am an officer of the Labor & Employment Committee of the New York County Lawyer's Association, a member of the New York National Employment Lawyer's Association, a member of the Labor & Employment Committee of the New York State Bar Association, a member of the Nassau County Bar Association, and a member of the New York State Association of Criminal Defense Lawyers. Since 2011, I have been an active speaker for the International Foundation of Employee Benefit Plans, a nonprofit organization dedicated to being a leading objective and independent global source of employee benefits, compensation, and financial literacy education and information.

10. In 2009, the New York State Commissioner of Labor M. Patricia Smith (now the Solicitor General for the United State Department of Labor) appointed me to the New York State Restaurant and Hotel Industry Wage Board. The Board's work resulted in the restructuring of the two separate industry wage orders into one wage order with a focus on clear, concise guidance to employees and employers.

10. In connection with my work, I regularly read advance sheets and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA/NY, the New York State Bar Association, and other organizations.

**Litigation History**

14. ABGL filed the Class Action Complaint on February 9, 2012 (Docket Entry No.: 1). An Amended Complaint was filed on June 11, 2012. An Amended Class Action Complaint (Docket Entry No.: 15) was filed on June 11, 2012.

15. On June 26, 2012, Defendants filed an Answer responding to the allegations in the Amended Complaint and asserted twelve separate affirmative defenses.

4

16. On April 5, 2013, the parties jointly requested a forty-five day extension for settlement negotiations resolving Plaintiffs' claims. An additional thirty day extension was granted on May 31, 2013. The Court was notified that negotiations were almost complete and that Plaintiffs' Motion for Preliminary Approval would be filed before August 15, 2013.

17. Plaintiffs' filed the Motion for Preliminary Approval on July 1, 2014, which was granted by this Court on March 31, 2015.

**Investigation and Discovery**

18. Before and during the formal litigation of this action, ABGL attorneys and paralegals conducted a thorough investigation into the merits of the potential claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

19. We also obtained, reviewed, and analyzed hard-copy documents and electronically-stored data, including, but not limited to, payroll records, relevant tax records of the Defendants' operations, time cards, payroll processing reports, and employee lists. We also collected and reviewed information provided by the class representatives and other employees of the Defendants, some who elected to not be named as class representatives. The records reviewed by this firm revealed the underpayment of overtime and non-payment of spread of hours payments required under the NYLL. Overall, thousands of pages of documents were exchanged.

**Settlement Negotiations**

20. Early on in the litigation, the parties agreed to explore the settlement of this matter while continuing the discovery process.

21. Thousands of pages of documents were exchanged by the parties. A deposition of Defendant Samuel was conducted on February 6, 2013. Shortly after that deposition, additional documents were produced and settlement numbers were calculated. Settlement meetings with the principals of the Defendants were held on September 11, 2012, May 28, 2013, and July 12, 2013. In early July 2013, after ten months of arms-length negotiations, the parties agreed in principal on a settlement, which incorporated all terms and was signed by all parties.

22. An initial Joint Settlement and Release Agreement agreed to in principal by the parties was previously submitted for the review and approval of this Court. By Order dated March 25, 2014, the Court rejected the initial settlement, without prejudice to refile. The Court highlighted its concern with the proposed Fair Labor Standards Act notice provisions of that agreement.

23. An Amended Joint Settlement and Release Agreement ("Settlement Agreement") agreed to and signed by the parties which was granted on May 31, 2015. A true and correct copy of the Amended Agreement is annexed hereto as **Exhibit A**.

24. Pursuant to the Settlement Agreement, Defendants agreed to select Settlement Services, Inc. ("SSI"), an experienced wage and hour claims administrator, to administer the settlement. Attached hereto as **Exhibit B** is the Declaration of Mark Patton dated July 20, 2015 ("Patton Decl."), setting forth details of the administration of settlement.

25. On May 22, 2015, SSI mailed the court-authorized Notice to 826 class members. The Notice informed the class members, among other things, of their right to object to or exclude themselves from the settlement and explained how to do so. After notice was mailed, SSI received a total number of 286 notices returned as undeliverable. A true and correct copy of the Court-Authorized Notice is attached hereto as **Exhibit C**. SSI traced, but could not find, valid addresses for 218 of these class members, 15 class members could not be traced, and 53

were traceable and new notices were sent out. Of the 826, Plaintiffs' counsel determined that a subset of these employees were management employees, including family members of the defendants, non-eligible truck drivers and supervisors, or employees with claims excluded from the Class by a prior settlement with the U.S. Department of Labor, thereby reducing the number of class members to 717.

26. As of July 21, 2015, no class member has objected to the settlement.

27. As of July 21, 2015, 61 collective class members have opted into the collective class. This results in a 14.7% class member participation rate, however these 61 class members represent 105 workers who were employed at Defendants' facility.

28. Based on the terms of the Settlement Agreement, each qualified class member will be eligible to receive at least ninety-three (93%) of the overtime wages and spread of hour wages determined to be owed to them. Class members' claims will be eligible for up to 100 percent of the FLSA and New York State Labor Law liquidated damages owed to them, plus interest on their claims, depending on the number of class members located. The minimum per-class member settlement amount will be $632, before attorneys' fees and costs are deducted.

Dated: July 21, 2015
      Melville, New York

                        ARCHER, BYINGTON, GLENNON & LEVINE, LLP

                        By: /s/ James W. Versocki
                             James W. Versocki
                        Attorneys for Plaintiffs
                        One Huntington Quadrangle, Suite 4C10
                        P.O. Box 9064
                        Melville, New York 11747
                        631-249-6565
                        E-mail: jversocki@abgllaw.com    746066